UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDRICK MAREICUS LOGAN,

    Movant,

v.

    File No. 1:15-cv-889

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.

_____/

**O P I N I O N**

This matter comes before the Court on Movant Eddrick Mereicus Logan's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court (ECF No. 1) and Movant's motion to appoint counsel (ECF No. 3). For the reasons that follow, the motions will be denied.

**I.**

On March 19, 2009, a grand jury indicted Movant on one count of conspiracy to distribute and to possess with intent to distribute heroin, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(i); one count of aiding and abetting the possession with intent to distribute heroin, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 18 U.S.C. § 2; and one count of possession with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). (*United States v. Logan*, No. 1:09-cr-84, Indictment, ECF No. 1.) Movant pleaded guilty to count

three of the indictment, possession with intent to distribute 5 grams or more of cocaine base, and counts one and two were dismissed by motion of the United States. (J., ECF No. 23.)

Movant's offense level was 31 and his criminal history category was VI. Movant's offense level included an enhancement due to Movant's status as a career offender under the Sentencing Guidelines. Movant's presentence report (PSR) stated:

> Chapter Four Enhancements: The defendant has been convicted of Delivery – Manufacture Less Than 50 Grams, a controlled substance offense, 9th Circuit Court, Kalamazoo, Michigan, Case Number 99-0868-FH; Count One, assault Bodily Harm less Than Murder, a crime of violence, 9th Circuit Court, Kalamazoo, Michigan, Case Number 99-1411-FC; and Count Two, Attempted Prison – Possess Weapon, a crime of violence, 25th Circuit Court, Marquette, Michigan, Case Number 03-40964-FH. Since the instant offense involves Possession With Intent to Distribute 5 Grams or More of Cocaine Base and the defendant was 18 years or older at the time of its commission, the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1. The offense level under U.S.S.G. § 4B1.1(b)(B) is 34. With a three-level reduction for acceptance of responsibility, the offense level becomes 31.

(*United States v. Logan*, No. 1:09-cr-84, PSR 8.) Based on his offense level and criminal history category, Movant's Guidelines range was 188 to 235 months' imprisonment. Movant was sentenced to 188 months in prison. Movant appealed this Court's sentence alleging that it was both procedurally and substantively unreasonable. *See United States v. Logan*, 472 F. App'x 514 (6th Cir. 2011). The sentence was affirmed. *Id.* at 517.

On September 1, 2015, Movant filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Upon this Court's request (ECF No. 4), on November 24, 2015, the Government filed a response in opposition to Movant's motion. (ECF No. 5.) Movant then filed a reply. (ECF No. 6.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). To satisfy the "cause" test, a petitioner must show that "some

objective factor external to the defense" kept him from raising the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. Section 2255 does not require a full blown evidentiary hearing in every instance. "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550–51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).

**III.**

Movant brings this action in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court examined the "residual clause" of the Armed Career Criminal Act (ACCA). Under the ACCA, a defendant with "three or more earlier convictions for a 'serious drug offense' or a 'violent felony,'" is subject to a "prison term [of] a minimum of 15 years and a maximum of life." 135 S. Ct. at 2255. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as [the ACCA's] residual clause." *Johnson*, 135 S. Ct. at 2556. The Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563.

The United States Sentencing Guidelines also contain a "residual clause." Under the Guidelines:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instance offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Guidelines further state:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

5

> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2 (emphasis added).

Movant contends that, given the Court's decision in *Johnson*, the residual clause in the Sentencing Guidelines is also unconstitutionally vague and, therefore, he should not have received a sentencing enhancement as a career offender under § 4B1.1(a) of the Guidelines. Respondent "concedes that *Johnson*'s holding that the ACCA's residual clause is invalid applies to the identically worded residual clause in U.S.S.G. § 4B1.2(a)(2)." (Resp't Resp. 3, ECF No. 5) (citing *United States v. Darden*, 605 F. App'x 545, 545-46 (6th Cir. 2015)). Respondent argues, however, that Movant's claim still fails for three reasons: "First, *Johnson* does not apply retroactively to guidelines issues raised in collateral attacks. Second, [Movant] failed to raise the issue on appeal, so it is procedurally defaulted. Third, even if *Johnson* applied, [Movant] nonetheless has two qualifying predicate convictions." (*Id.*)

The Court agrees that even if *Johnson* applied, Movant still qualifies as a career offender under the Guidelines, and thus needs not determine whether Movant's argument was procedurally defaulted or whether *Johnson* applies retroactively to guidelines issues raised in collateral attacks.

To qualify as a career offender under the Guidelines, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense."

6

U.S.S.G. § 4B1.1(a)(3). Movant contends that the second and third convictions "fall under the Guideline's career offender residual clause, § 4B1.2(a)(2), and these convictions can no longer be considered a 'crime of violence.'" (Mot. to Vacate 5b, ECF No. 1.) The Court disagrees.

Movant was classified as a career offender under the Guidelines based on three prior offenses. The third offense—attempted possession of a weapon in prison—violated Mich. Comp. Laws § 800.283(4), which states, "[u]nless authorized by the chief administrator of the correctional facility, a prisoner shall not have in his or her possession or under his or her control a weapon or other implement which may be used to injure a prisoner or other person, or to assist a prisoner to escape from imprisonment." *Id.* Movant is correct that this offense does not involve "the use, attempted use, or threatened use of physical force against the person of another," and thus falls under the Guidelines' residual clause.

Even if the Court had not considered the third offense, however, Movant was and still properly classified as a career offender. Movant's first predicate offense was a violation of Mich. Comp. Laws § 333.7401, which provides that "a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form." *Id.* § 333.7401(1). Because Movant possessed less than 50 grams of a "controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(iv)," Movant was found "guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than

7

$25,000, or both." *Id.* § 333.7401(2)(a)(iv). Accordingly, this offense qualifies as a "controlled substance" offense under the Guidelines, U.S.S.G. § 4B1.2(b), and does not involve the residual clause.

Movant's second predicate offense was assault with intent to commit bodily harm less than murder, in violation of Mich. Comp. Laws § 750.84. "The elements of assault with intent to do great bodily harm less than murder include: (1) an attempt or offer with force or violence, to do corporal hurt to another, (2) coupled with an intent to do great bodily harm less than murder." *People v. Mitchell*, 385 N.W.2d 717, 718 (Mich. Ct. App. 1986) (citing Mich. Comp. Laws § 750.84). Accordingly, this offense qualifies as a "crime of violence" under the Guidelines because it "has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a), and also does not involve the residual clause.

Because Movant had "at least two prior felony convictions of either a crime of violence or a controlled substance offense," U.S.S.G. § 4B1.1(a)(3), and these two offenses did not implicate the Guidelines' residual clause, Movant's classification as a career offender under the Guidelines is proper, regardless of the fact that a third offense fell under the Guidelines' residual clause.

**IV.**

Further, Movant has requested that this Court appoint counsel to represent him in this matter because he has only "one predicate conviction which falls under the Sentencing

8

Guidelines residual clause, U.S.S.G. § 4B1.2(a)(2)," and because this case involves the Supreme Court's recent decision in *Johnson*. (Mot. for Appointment of Counsel, ECF No. 3.) For the reasons stated above, the Court finds that Movant has two predicate convictions, and thus is properly classified as a career offender under the Guidelines. "[H]aving decided that the files and records in this case conclusively show that Defendant is not entitled to relief under 28 U.S.C. § 2255, the Court, in its discretion, further determines that neither the interests of justice nor due process requires the appointment of counsel." *United States v. Edkins*, No. 1:05-cr-151, 2013 WL 542473, at *6 (W.D. Mich. Feb. 12, 2013).

## V.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court and Movant's motion to appoint counsel will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims, a certificate of appealability will be denied.

A judgment and order will enter consistent with this Opinion.


Dated: January 8, 2016                       /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE